**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAY AREA PAINTERS AND TAPERS                No. C-11-2060 JSW (JCS)
PENSION TRUST FUND, ET AL.,

            Plaintiffs,                     **REPORT AND RECOMMENDATION RE**
    v.                                      **PLAINTIFFS' MOTION FOR DEFAULT**
                                            **JUDGMENT [Docket No. 19]**
O P & SONS CONSTRUCTION, ET AL.,

            Defendants.
_____/

17 **I.     INTRODUCTION**

18       In this ERISA enforcement action, Plaintiffs bring a Motion for Default Judgment (the

19 "Motion") seeking entry of default judgment and an order awarding unpaid employee benefit

20 contributions, liquidated damages, auditing fees, interest, and attorneys' fees and costs.  The Motion

21 was referred to the undersigned magistrate judge for Report and Recommendation. The Motion

22 came on for hearing on Friday, February 3, 2012, at 9:30 a.m.  Subsequently, Plaintiffs submitted

23 additional evidence to the Court.[1]

24 

25       [1]Plaintiffs have filed a motion to "Expedite Report and Recommendation." *See* Docket No. 38.
The motion is DENIED.  The Court has handled the matter expeditiously consistent with the other
26 pressing business of the Court.  Moreover, some of the delay in the resolution of this matter can be
attributed to counsel.  The additional evidence submitted in this case was necessitated by counsel for
27 Plaintiffs' inadequate initial pleadings.  This is not the first time that counsel has submitted pleadings
that lack evidentiary support or are otherwise insufficient. *See e.g.,Bay Area Painters v. Alta Specialty*,
28 2008 WL 114931 (N. D. Cal., 2008); *Crosthwaite v. Brennan*, 2011 WL 589821 (N.D. Cal,. 2011).

1    For the reasons stated below, it is RECOMMENDED that the Motion be GRANTED IN

2 PART AND DENIED IN PART.

3 **II.    BACKGROUND**

4    In the Complaint, the following trust funds (the "Trust Funds")  are named as Plaintiffs: 1)

5 Bay Area Painter and tapers Pension Trust Fund ("Pension Fund"); 2) District Council 16 Northern

6 California Health and Welfare Trust Fund ("Health Fund"); and 3) District Council 16 Northern

7 California Journeyman and Apprentice Training Trust Fund ("Apprentice Fund").  Complaint ¶¶ 1-

8 4.  The Trust Funds are employee benefit plans within the meaning of § 3(3) of the Employee

9 Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(3).  *Id.*  In addition, the Complaint

10 names as plaintiffs the Joint Board of Trustees of the Trust Funds, as well as trustees Les Proteau,

11 Charles Del Monte, Doug Christopher, John Maggiore and Marion Bourboulis.  *Id.*, ¶ 1.  Finally, the

12 Complaint names as a plaintiff District Council No. 16, International Union of Painters and Allied

13 Trades (the "Union"), which is a labor organization as defined in § 2(5) of the National Labor

14 Relations Act ("NLRA"), 29 U.S.C. § 152(5).  *Id.*, ¶ 4.

15    The Complaint names as defendants O P & Sons Construction, a California partnership, and

16 partners Vernon Keith Dammarell and Myrna Rae Dammarell.  *Id.*, ¶ 5;  *see also* Declaration of

17 Michele R. Stafford in Support of Motion for Default Judgment ("Stafford Decl."), Ex. G (printout

18 from Contractors State License Board website, reflecting that OP& Sons Construction is a

19 partnership, naming Vernon Keith Dammarell as qualifying partner and Myrna Rae Dammarell as

20

21

22 Other judges in this District have found counsel's pleadings in similar matters to be insufficient,
23 sometimes requiring supplemental filings. *See e.g.*, *Crosthwaite v. A & J Pumping Inc*., 2011 WL
6024592 (N.D. Cal., 2011) (James, J.) (ordering counsel to submit a supplemental declaration and
24 declining to award full attorneys' fees due to "inconsistencies found in Plaintiffs' Motion and supporting
documents."); *Bay Area Painters and Tapers Pension Trust Fund v. Golden Vas Painting*, 2011 WL
25 2020250 (N. D. Cal., 2011) (Ryu, J.) (court ordered plaintiff to provide supplemental information to
support conclusory statements in pleadings)*;Shop Ironworkers Local 790 Pension Trust v. Cofab Steel*
26 *Corp.*, 2007 WL 3342558 (N. D. Cal., 2007) (Zimmerman, J.) ("Because plaintiffs provide no
breakdown as to the amount of time spent on work performed in that litigation, I recommend that their
27 request as to attorneys' and paralegal fees incurred prior to May 31 be denied").

28                                                                         2

**United States District Court**
For the Northern District of California

1  General Partner).  Plaintiffs allege that Defendants are employers under ERISA § 3(5), 29 U.S.C. §

2  1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).  *Id*., ¶ 5.

3      Plaintiffs allege that Defendants are signatories to the Northern California Drywall Finishers

4  Master Agreement between District Council 16 and Northern California Drywall Contractors. *Id*., ¶

5  13; *see also* Stafford Decl., Ex. A (signature pages for Collective Bargaining Agreement, dated

6  10/10/08 (signed by Myrna Dammarell on behalf of O P & Sons Construction) and 1/24/07 (signed

7  by Vernon Dammarell on behalf of O P & Sons Construction)).[2]  The Collective Bargaining

8  Agreement requires that signatory employers make contributions to the Trust Funds based on the

9  hours worked by their employees and incorporates the trust agreements for the Trust Funds ("Trust

10  Agreements") into the Collective Bargaining Agreement.  Complaint, ¶¶13-14; *see also* Stafford

11  Decl., Ex. B (Collective Bargaining Agreement), Section 29.  Under the Trust Agreements,

12  employers report the number of hours worked by covered employees.  Stafford Decl., Ex. C (excerpt

13  of Trust Agreement), Section III(A).  Employers are also required to maintain records relating to

14  employment for which contributions are due and to submit to audits to verify the employer's

15  compliance.  *Id*., Section III(D).  Where "an examination of the Employer's records reveals that full

16  and prompt payment of all sums due is not being made, then such Employer shall reimburse the

17  Trust" for the cost of the audit.  *Id*.

18      Contributions are due on the fifteenth day of the month following the month in which the

19  hours were worked and are deemed delinquent if they are not received by the end of the same month,

20  at which point liquidated damages and interest as of the due date are incurred.  *Id*., Ex. B, Article 14,

21  Section 4(b).  In addition, the Trust Agreements provide for an award of liquidated damages in the

22  amount of "20% of the delinquent contribution or $150, whichever is greater, or interest until the

23  dates paid at the rate referred to in subparagraph (3) on unpaid contributions."  *Id*.  Ex. C, Section

24

25      [2]Plaintiffs have provided a copy of the collective bargaining agreement in effect between August
26  1, 2008 and June 30, 2011 (entitled "Northern California Drywall Finishers Master Agreement between District Council No. 16 & Northern California Drywall Contractors Association").  Stafford Decl., Ex.
    B.  The Court refers to this agreement as "the Collective Bargaining Agreement." The provisions
27  governing the payment of contributions to the various trust founds are found in Article 14.

28                                              3

**United States District Court**
For the Northern District of California

1    III(C)(2).  Where contributions are paid without litigation, liquidated damages shall be 10 percent of

2    the delinquent contributions or one $150 dollars, whichever is greater, but they are capped at

3    $750.00.  *Id*.   In addition, the Trust Agreements provide for an award of interest on delinquent

4    contributions at "reasonable rates as the Joint Board may from time to time establish."  *Id*. Section

5    III (C)(3).  The Trustees agreed to reasonable interest of 5% per annum effective April 1, 2009, from

6    the contribution delinquency date until contributions are paid.  *Id.*, ¶¶ 6-9.

7         Sometime after March 31, 2009, the Trust Funds retained an independent accounting firm to

8    conduct an audit of Defendants' payroll records for the period January 1, 2007 through March 31,

9    2009.  Declaration of Janet Dominguez in Support of Motion for Default Judgment ("Dominguez

10   Decl."), ¶¶ 3-4.  A report of the findings of the audit were sent to Defendants for review on April 19,

11   2010 and Defendants were given two weeks to dispute the findings before the report was passed on

12   to the Joint Board of Trustees.  *Id*., ¶ 5 & Ex. A (letter dated April 10, 2020, with audit report

13   reflecting total underpayments of contributions in the amount of $139,819.28 due).  On April 30,

14   2010, Defendants contacted the auditor to dispute the results; however, Defendants did not submit

15   any documentation to support the dispute and no further contact was received from the Defendants.

16   *Id.*, ¶ 6.  The report was then referred to Plaintiff's legal counsel.  *Id.*, ¶ 7.  The Trust Agreements

17   provide for "a rebuttable presumption at the option of the Trust . . ." that absent evidence to the

18   contrary, it is assumed that all employees worked 8 hours per day, for a total of 40 hours per week.

19   *Id.*  According to Dominguez, this presumption is used most often where employers do not maintain

20   time cards, or maintain time cards that are not signed by the employees.  *Id.*  There were apparent

21   discrepancies resulting from unsigned time cards in this case.  *Id.*  The Trustees subsequently

22   changed the Trusts' policies with respect to the 40 hour presumption, removing the presumption

23   from situations involving unsigned time cards.  *Id.*, ¶ 8.  As a result of this change, the auditor then

24   removed all of the hours from the report that had been included based upon the 40 hour presumption.

25   *Id.*  The amount due in the auditor's report was significantly reduced from a total of $139,819.28 to a

26   total of $35,615.57.  *Id.,* ¶ 9.  This amount includes: total underpayments of $30, 247.98, liquidated

27

28

**United States District Court**
For the Northern District of California

1  damages of $750[3], interest of $2,692.59, and testing fees of $1,925. *Id.* Further, an overpayment of

2  $1,495.51 "is eligible for credit." *Id.* The auditor's report was revised to reflect the policy change,

3  and on December 17, 2010, the report was forwarded to the trust Funds' administrator for billing.

4  *Id.,* Ex. B (copy of revised auditor's report).

5  The Complaint in this action was filed on April 27, 2011. Service of process was completed

6  on Defendants on May 17, 2011. Stafford Decl., ¶ 19. In the Complaint, Plaintiffs allege that

7  Defendants "failed to pay contributions and/or the balance of contributions due for hours worked by

8  its [sic] employees during the months of September 2008 through May 2009, and failed and refused

9  to pay contributions due found due [sic] on an audit of its records for the period of January 1, 2007

10 through March 31, 2009." Complaint,¶ 19. No specific amount is set forth in the Complaint.

11 Plaintiffs further allege that demands were made on Defendants for payment of the delinquent

12 contributions, as well as liquidated damages and interest and that Defendants wilfully failed to make

13 any payment due under the Collective Bargaining Agreement. *Id*., ¶ 20. Plaintiffs further allege that

14 they seek an award of unpaid contributions, liquidated damages, interest, and attorneys' fees and

15 costs pursuant to § 502(g)(2)(A) of ERISA, 29 U.S.C. § 1132(g)(2)(A). Complaint, Prayer ¶ 1.

16 In addition, in the Complaint, Plaintiffs sought an order enjoining Defendants from violating

17 the Collective Bargaining Agreement or disposing of any assets until Defendants comply  with the

18 Collective Bargaining Agreement. *Id*., ¶ 2. However, the Motion and Proposed Order make no such

19 request. Finally, Plaintiff have requested in their Complaint and in the Motion that the Court retain

20 jurisdiction over the action until Defendants have complied with the Court's orders. *Id*., ¶ 3.

21 Defendants' default was entered and Plaintiffs filed the present motion for default judgment.

22 In the Motion, Plaintiffs request that the Court enter default judgment against Defendants and award

23 the following amounts against Defendants: 1) $30,247.98 in unpaid contributions for unreported

24 hours found in the audit period, 1/2/07 through 3/31/09; 2)$6,049.60 in liquidated damages; 3) 5%

25 interest or $2,692.59 through 3/31/10, the date the audit was prepared; 4) an additional 5% or

26

27 [3]Although the audit report lists liquidated damages as $750, pursuant to the collective bargaining
28 agreement, Plaintiffs seek the higher amount, or 20% of all delinquent contributions reported per month, with no maximum, because a lawsuit was filed. *See* Stafford Decl., ¶ 17.

5

**United States District Court**

For the Northern District of California

1   $2,320.34[4] in interest through 10/13/11 for a total interest amount of $5,012.93; 5) $1,925.00 in

2   auditing fees for the work performed by Lindquist (*see* Dominguez Decl., ¶ 10).  In addition, for the

3   time period 9/08 through 3/09, Plaintiffs seek: 1) $20,497.48 in contributions; 2) 20% liquidated

4   damages in the amount of $5,746.50; and 3) 5% interest on the unpaid but reported contributions in

5   the amount of $ 1,183.79 (through August 30, 2011).

6          Plaintiffs also seek attorneys' fees in the amount of $5,525.00 and costs of $1,238.75,

7   through the hearing on this Motion, and an additional $1642.00 incurred since the Motion was filed.

8   Stafford Supp. Decl., ¶ IV, Exh. B.

9          In their Proposed Order, Plaintiffs also requested that the Court order that post-judgment

10  interest shall accrue at the rate of 5% per annum on the unpaid contributions ($49,249.95), and at the

11  "legal rate" on the other amounts due ($27,711.62) from October 14, 2011 until the date of

12  satisfaction of judgment, and that the Court retain jurisdiction over the case.  *See* Plaintiffs'

13  Proposed Order at 2.  Plaintiffs have provided supporting declarations from Plaintiffs' counsel and a

14  senior manager of the auditing firm that conducted the audit.  In her declaration, Plaintiffs' counsel

15  stated that to the best of her knowledge and belief Defendants O P & Sons Construction, Vernon

16  Keith Dammarell and Myrna Rae Dammarell are not infants, incompetent persons, nor in the

17  military service of the United States or otherwise exempted under the Soldiers' and Sailors' Civil

18  Relief Act of 1940.  Stafford Decl., ¶ 26.  In the Supplemental Declaration of Michele Stafford

19  ("Stafford Supp. Decl."), Plaintiffs provide additional detail requested by the Court at oral argument.

20  Specifically, counsel declares that she has spoken with both Defendants on numerous occasions and

21  that they are neither infants, nor incompetent.  *See* Stafford Supp. Decl. at 2.  Further, counsel

22  provides copies of an email printout from a search from the Servicemembers Civil Relief Act

23  Centralized Verification Service website, indicating that neither individual Defendant is currently in

24  the military service.  *Id*., Exh. A.  Plaintiffs' supplemental submission also provided time sheets for

25  the attorneys' fees at issue.  *Id.*

26

27

28       [4]The Motion lists this figure as $2,030.39.  The Declaration of Michelle Stafford lists it as
    $2,030.34. The Court has used the figure in the Declaration.

**III.   ANALYSIS**

    **A.   Entry of Default Judgment**

    Plaintiffs have applied for a default judgment in this action on the basis that Defendants have failed to plead or otherwise defend or appear after valid service.  Under Federal Rule of Civil Procedure 55(b)(2), the court may enter a default judgment once the clerk, under Rule 55(a), has entered the party's default based upon a failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b)(2).  "A default judgment may be entered against an infant or incompetent person only if represented by a general guardian, committee, conservator, or other like fiduciary who has appeared." *Id*.  The Court is free to consider a wide range of factors in deciding whether to enter a default judgment, including: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also* Wright & Miller, *Federal Practice and Procedure*, Civil § 2685.

    Where a default judgment is deemed appropriate, the factual allegations of the complaint, except those relating to damages, are taken as true. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).  Defaulting defendants "are deemed to have admitted all well-pleaded factual allegations contained in the complaints." *DirecTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 851 (9th Cir. 2007) (citing *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986)).

    Here, the record supports the conclusion Defendants are not exempt from default judgment on the basis that they are not infants, incompetents, soldiers or sailors.  Defendant O P & Sons Construction is a California partnership and therefore not an infant, incompetent person, soldier or sailor. *See, e.g., F.T.C. v. J.K. Publications, Inc.*, 2000 WL 35594144, at * 1 (C.D. Cal., Aug. 31, 2000) ("Defendants are corporations and are therefore not infants or incompetent persons"). *See also*, Supp. Stafford. Decl. ¶ II.

    With respect to all Defendants, the Court finds that Plaintiffs' claims are well-pleaded.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  Plaintiffs have alleged that Defendants entered into a collective bargaining agreement pursuant to

2  which they owed contributions to Plaintiffs, and that those amounts were not paid.  The Court finds

3  no evidence of excusable neglect that would justify denying Plaintiffs' request for default judgment.

4  The Court concludes that liability is established as to Plaintiffs' ERISA claims and that default

5  judgment should be entered against all Defendants.

6          **B.      Remedy**

7                  **1.      Section 1132(g)**

8          Once liability is established through a defendant's default, a plaintiff is required to establish

9  that the requested relief is appropriate.  *Geddes*, 559 F.2d at 560.  Under ERISA, an employee

10 benefit plan that obtains judgment in its favor in an action for unpaid contributions under 29 U.S.C.

11 § 1145 is entitled to the following forms or relief:

12         (A) the unpaid contributions,

13         (B) interest on the unpaid contributions,

14         (c) an amount equal to the greater of –

15                 (1)  interest on the unpaid contributions, or

16                 (2)  liquidated damages provided for under the plan in an amount not in excess of 20

17                 percent . . . of the amount determined by the court under subparagraph (A),

18         (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

19         (E) such other legal or equitable relief as the court deems appropriate.

20 29 U.S.C. § 1132(g)(2).  This further provides that "[f]or purposes of this paragraph, interest on

21 unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the

22 rate prescribed under section 6621 of Title 26.  *Id*.

23                 **2.      Contributions and Overpayment Deduction**

24         In the Motion, Plaintiffs requested $30,247.98 in "contributions underpayments" for the audit

25 period January 1, 2007 through March 31, 2009, from which it deducted $1,495.51 in refundable

26 overpayments.  Motion at 1; Dominguez Decl., Ex. A (revised audit).  Plaintiffs also seek unpaid

27 contributions based on reported time for the period September 2008 through March 2009 in the

28 amount of $20,497.48.  The Supplemental Declaration of Michele Stafford ("Stafford Supp. Decl.")

8

1  explains why these differing amounts are sought for seemingly overlapping time periods. As Ms.

2  Stafford explains, the "under payments" amount of $30,247.98 in the audit report represents

3  additional hours not reported at all by Defendants for the period of January 1, 2007 through March

4  31, 2009. Although these hours were reflected in the employer's payroll records, they were not

5  properly reported to the Trust Funds by the employer. Stafford Supp. Decl at 3. Therefore this

6  amount is due, in addition to the contributions that are due for the months of September 2008

7  through March 2009 based on the hours reported for those months: $20,497.48. The total amount of

8  contributions claimed by Plaintiffs is $50,745.46. However, the Court has deducted the

9  overpayment amount of 1,495.51. It is recommended that the Court award $49,249.95 in

10  contributions.

11                          **3.      Liquidated Damages**

12         Plaintiffs seek $6,049.60 in liquidated damages for the audit period, which is, purportedly,

13  20% of Defendants' unpaid contributions. Plaintiffs have provided the Trust Agreement provision

14  that sets liquidated damages at 20% where litigation has been initiated to collect the unpaid

15  contributions. *See* Stafford Decl., Ex. C (excerpt of Trust Agreement), Section III(C)(2). Plaintiffs'

16  calculation, however, does not take into account the "refundable overpayment" of $1,495.51, which

17  should be deducted from the outstanding contributions *before* calculating the 20% liquidated

18  damages. Using the net amount of unpaid contributions ($30,247.98 less the $1,495.51

19  overpayment) as a basis for calculating liquidated damages yields liquidated damages in the amount

20  of $5,750.48. For the period September 2008 through March 2009, Plaintiffs also seek liquidated

21  damages in the amount of $5,746.50, which is 20% of the unpaid contributions for that period,

22  $20,497.48. The Court recommends that $11,496.98 in liquidated damages be awarded.

23                          **4.      Interest**

24         In their Motion, Plaintiffs seek interest on the unpaid contributions in the amount of

25  $5,012.98 through 10/13/11. This amount consists of $2,692.59 in interest included in the audit

26  through March 31, 2010, and further interest calculated through October 13, 2011 in the amount of

27

28

9

1  $2,320.39.  Supp. Stafford Decl., ¶ III.[5]  Plaintiffs also seek interest due on the unpaid contributions

2  for hours actually reported, in the amount of $1,183.79.

3       Plaintiffs have provided evidence showing that these amounts are due and that the 5% rate

4  used by Plaintiffs is correct.  Interest in the amount of $6,196.77 should be awarded.

5            **5.       Auditing Fees**

6       Plaintiffs also seek $1,925.00 in auditing fees.  This amount is supported by the declaration

7  of Ms. Dominguez.  *See* Dominguez Decl*.,* ¶ 10.  In addition, Plaintiffs have submitted the provision

8  of the Trust Agreements that requires employers to pay for the costs associated with an audit when

9  contributions are found to be due.  Stafford Decl., Ex. C, Section III(E).  Therefore, the Court

10  recommends that the costs incurred to perform the audit should be awarded in full.

11            **6.       Attorneys' Fees**

12       The Trust Agreement provides for recovery of attorneys' fees.  Plaintiffs assert in the Motion

13  that as of October 31, 2011, they have incurred attorneys' fees in the amount of $5,525.00 in their

14  efforts to enforce Defendants' obligations under the Trust Agreements.  Stafford Decl., ¶ 21.  This

15  amount is based on work performed by:  1) Michele Stafford (7.8 hours at a rate of $200.00 per

16  hour); 2) Blake E. Williams (.4 hours at a rate of $195.00 per hour and .2 hours at a rate of $205 per

17  hour); and 3) paralegal Qui Lu (33.8 hours at a rate of $115.00 from March 7, 2011 to October 31,

18  2011).  In the original Motion Plaintiffs' counsel failed to provide detailed time-sheets documenting

19  the work performed during this time.  The Plaintiffs have now submitted time sheets and billing

20  records to substantiate their fee request.  In addition, the Plaintiffs seek an additional sum of

21  $1,642.00 in fees incurred for work performed from October 14, 2011 through February 13, 2012.

22  That work includes additional attorneys fees for drafting the Supplemental Declaration.

23       The Court finds the requested rates and amounts to be reasonable.  Accordingly, it is

24  recommended that Plaintiffs' attorneys' fees in the amount of $7,167.00 be awarded in full.

25

26       [5]Because it was not clear from the Plaintiffs' submissions whether their totals include interest
27  through October 13, 2011 (as it states in the Motion and Proposed Judgment) or whether the interest
    applies only through August 3, 2011, as indicated in counsel's declaration, the Court requested further
    evidence on this point.  In the Supplemental Declaration of Michele Stafford, Plaintiffs explain that the
28  original declaration was in error.

10

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

#### 7.      Costs

In the Motion, Plaintiffs request costs in the amount of $1,238.75, which is broken down as follows: $350.00 for the filing fee in this case; $332.00 for the cost of personal service on the Defendants; $550.00 as an "investigative fee"and $6.75 in "legal research."  *See* Stafford Decl., ¶ 23.  Under Civil Local Rule 54-3, an award of costs may include the clerk's filing fee and fees for service of process "to the extent reasonably required and actually incurred."  In addition, the Trust Agreement provides for the recovery of all expenses incurred in collection.  Therefore, it is recommended that all costs be awarded in full.

#### 8.      Continuing Jurisdiction

Plaintiffs request that the Court retain jurisdiction pending compliance with its order.  In ERISA cases, courts may retain jurisdiction to adjust the damages award following an audit.  *See Walters v. Shaw/Guehnemann Corp.*, 2004 WL 1465721 * 3 (N.D. Cal. April 14, 2004) (entering default judgment that awarded damages and also compelled defendant to submit to an audit while retaining jurisdiction to amend the judgment upon a proper showing by plaintiff following audit); *see also La Barbera v. JFH Mak Trucking, Inc.*, 2007 WL 1827833 *4 n.11 (E.D.N.Y., June 22, 2007) (listing cases in which courts have taken this approach).  Plaintiffs request that the court retain jurisdiction here, even though no audit is requested. Judgment at 2.  Plaintiffs have not justified their request.  It is recommended that Plaintiffs' request be DENIED.

### IV.      CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that default judgment be GRANTED. Plaintiffs should be awarded the following amounts:  1) $49,249.95 in net unpaid contributions, 2) $11,496.98 in liquidated damages, 3) $6,196.77 ($5,012.98 plus $1,183.79) in interest; 4) $1,925.00 in auditing fees, 5) $7,167.00 in attorneys' fees and 6) $1,238.75.00 in costs.

IT IS SO ORDERED.

Dated: April 3, 2012

_____
JOSEPH C. SPERO
United States Magistrate Judge

11